# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOE P. [1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

Case No. 2:23-cv-02441

Bowman, M.J.

## MEMORANDUM OF OPINION AND ORDER

Plaintiff Joe P. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, both which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

### I. Summary of Administrative Record

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) in November 2020, claiming disability beginning on December 31, 2019. (Tr. 201-14). His application was denied initially and upon reconsideration. Thereafter, on April 26, 2022, a hearing was held, by telephone, wherein Plaintiff appeared with counsel

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

and gave testimony before ALJ Kimberly Cromer. Vocational Expert Megan Cameron also appeared and gave testimony. On May 13, 2022, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 17-33).

Plaintiff was born on August 21, 1968, and was 51 years old on his date last insured. (Tr.31). He has a high school education and has past relevant work as a furniture mover driver, forklift driver, landscape laborer, stock clerk and line cook. (Tr. 31).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "diabetes/renal failure, coronary artery disease/coronary arteriosclerosis, obstructive sleep apnea, obesity and learning disability." (Tr. 20). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> No climbing of ladders, ropes, or scaffolds; occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no work at unprotected heights or around hazardous machinery and no commercial driving as part of routine job duties; and avoiding concentrated exposure to cold, heat, humidity, wetness and pulmonary irritants and avoiding concentrated exposure to vibration; simple routine work; no tandem work; end of day work goals versus strict hourly production and work should be of a variable rate.

(Tr. 24).

Based upon his RFC and testimony from the vocational expert, the ALJ concluded while Plaintiff could not perform his relevant work, he could perform jobs that exist in significant numbers in the national economy, including price marker, cashier II and mail room clerk. (Tr. 32). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to properly evaluate Plaintiff's standing and walking ability, and (2) failing to adequately account for Plaintiff's limitations in concentration, persistence, and pace. Upon close analysis, I conclude that Plaintiff's assignment of error is not well-taken.

I. Analysis

A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

4

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is supported by Substantial Evidence

Plaintiff argues that the ALJ's determination that Plaintiff could perform light work is not supported by substantial evidence. The RFC is the "most [an individual] can still do despite [his physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish his RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

*1. Standing and Walking Limitations*

Here, the ALJ found that plaintiff had the RFC for a range of light work (Tr. 24) which would require "standing or walking, off and on, for [about] 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6; see also 20 C.F.R. § 416.967(b). Plaintiff claims that the ALJ's decision that he is capable of the standing and walking requirements for lights work is not supported by substantial evidence. Namely, Plaintiff contends that he has a well-documented history of coronary artery disease, dizziness, fatigue, and chronic pain in his back, hip, and knee. (Tr. 57, 59, 62, 458, 560, 564, 568, 586-587, 599, 604, 644, 817, 845). Plaintiff further noted that in his function report, he reported that he has chest pains and has to take nitroglycerin until the

5

pain subsides, he is often sick due to his high blood pressure, forcing him to miss work, due to headache, light-headedness, and nausea. Tr. 622.

In formulating Plaintiff's physical RFC, the ALJ properly considered the medical opinions and prior administrative medical findings in accordance with Agency regulations. With respect to the medical opinions, Lynne Torello, M.D., reviewed the evidence on behalf of the State Agency at the initial level on February 20, 2021, and found the claimant limited to light exertion with unlimited balancing, frequent stooping, kneeling, crouching and crawling; occasional climbing of ramps and stairs, ladders, ropes, or scaffolds and avoiding all exposure to hazards including unprotected heights, dangerous machinery or commercial driving.  (Tr. 29). The ALJ further noted that Leon Hughes, M.D., reviewed the evidence on behalf of the State Agency at the reconsideration level on September 19, 2021, and affirmed Dr. Torello's assessment. (Tr. 29-30).

The ALJ determined that the opinions of the State Agency physicians were based on their findings on a review of the record and were supported the limitations they assessed with citations to his physical examinations. As such, the ALJ found that their prior administrative medical findings persuasive. (Tr. 30). Notably, Plaintiff does not challenge the weight assigned to the state agency physicians, nor their finding that Plaintiff can perform light work.

Furthermore, the ALJ's decision also properly considered medical evidence of record during the relevant period.  Namely, the ALJ noted that Plaintiff denied chest pain, leg swelling, shortness of breath, and fatigue with examinations frequently finding regular rate and rhythm, normal heard sounds with no gallop, friction rub, or murmur. (Tr. 26, citing Tr.  543, 586, 603, 608, 613, 648, 707-08).  Plaintiff denied shortness of breath, leg

swelling and fatigue in June 2020.  (Tr. 26).  The ALJ further noted that in July 2021, Plaintiff underwent a cardiac catheterization due to worsening angina and it showed his abnormal stress and angina were probably related to chronic total occlusion of the right coronary artery, which was stable since 2017. (Tr. 27, 657-58, 818).

The ALJ noted that a September 2021 electrocardiography documented normal sinus rhythm (R. at 27, citing R. at 716).  In November 2021, Plaintiff reported 2-3 episodes of lightheadedness in the previous six months.  He reported that his doctor recommended an increase in his fluid hydration to see if his symptoms improved.  (Tr. 27, 815-19). During this visit, the cardiologist noted Plaintiff had maximized medications and reported no chest pain following the July 2021 catheterization and that Plaintiff was physically active and denied chest pain, palpitations, fainting, pressure, and swelling (Id.). The examination from this visit documented normal rate, regular rhythm, and no murmurs, friction rub, gallop, or jugular venous distension (Id.).  The ALJ further detailed that by December 2021, Plaintiff reported improvement in his lightheadedness and the cardiac examination again showed normal rate, regular rhythm, heart sounds, and again no evidence of murmur, friction rub, or gallop. (Tr. 27, 695-96).

The ALJ also considered Plaintiffs history of type 2 noninsulin dependent diabetes and chronic renal failure with unspecific kidney disease stage. (Tr. 27).  The ALJ stated that "[w]hile the claimant's diabetes and renal failure do support some limitations, the evidentiary record again fails to support the claimant allegations and testimony regarding his symptoms and resulting limitations. …. [T]he totality of the medical records generally shows the claimant's diabetes and associated symptoms were adequately managed with treatment." (Tr. 27).

7

However, as noted above, Plaintiff contends that his testimony supports a more restrictive RFC. In this regard, Plaintiff notes that at the he testified that he suffers from shortness of breath, tightness of his chest, and can only walk for 10-15 minutes, before he has to take a nitroglycerin pill and stop for a few minutes. Tr. 57-59. He also described fatigue, body aches and stiffness that impact his ability to stand and walk. Tr. 62. However, the ALJ considered this evidence and determined that Plaintiff's subjective complaints were not entirely consistent with the evidence. (Tr. 26). Notably, Plaintiff does not challenge the ALJ's subjective symptoms analysis. Thus, any such argument has been waived. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver); *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) ("[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). It is the job of the ALJ, and not the reviewing court, to evaluate the credibility of Plaintiff's subjective statements. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

In light of the foregoing, the undersigned finds that the ALJ's RFC properly accounted for Plaintiff's stand and walking limitations and this finding is substantially supported.

2. *Concentration, Persistence, and Pace*

Plaintiff argues next that the ALJ's RFC determination does not properly account for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace and interacting with others. In this regard, Plaintiff contends that the ALJ improperly cherry-picked the opinions of the reviewing and examining psychologists and, instead, relied on

8

her lay opinion of the medical evidence to determine which limitations should be included in the RFC.

Here, the record includes medical opinions regarding Plaintiff's mental limitations, from two State agency psychologist's opinions and the opinion of the consultative examiner, Susan Rowland, Ph.D.[2]

Notably, Jennifer Swain, Psy.D., reviewed the evidence on behalf of the State Agency at the initial level on May 3, 2021 and found Plaintiff had moderate limitation in his ability to understand, remember or apply information; no limitation in his ability to interact with others; moderate limitation in his ability to concentrate, persist, or maintain pace and no limitation in his ability to adapt or manage. (Tr. 30). She further opined the Plaintiff can understand and remember simple, repetitive tasks as well as some more detailed 3-4 step tasks that are familiar and well-rehearsed and able to carry out and sustain simple routine tasks, as well as some more detailed 3-4 step tasks that are familiar and well-rehearsed. Id. (internal citations omitted). Kristen Haskins, Psy.D., reviewed the evidence on behalf of the State Agency at the reconsideration level on September 8, 2021, and affirmed Dr. Swain's assessment. Id.

Consultative examiner, Susan Rowland, Ph.D., RN, examined Plaintiff on April 12, 2021. Based on her observations and clinical interview, Dr. Rowland concluded the Plaintiff exhibited the ability to understand, carry out and remember simple instructions; sustain concentration and persist in work-related activities at a reasonable pace; appeared to have the ability to maintain effective social interactions with supervisors, coworkers and the public; and would have no difficulty in dealing with the normal

---

[2] Dr. Rowland is mistakenly identified as Dr. Stinson. (See Tr. 621-641; Ex. 6F).

pressures in a competitive work setting accomplishing simple tasks with clear, simple instructions. Dr. Rowland also noted that Plaintiff's prognosis was good, as his experiences were a function of his feigning intellectual and memory deficits and that under the right employment circumstances it was expected he would not have significant limitations in his ability to conform to social expectations and appeared capable of managing at least basic tasks and interactions. (Tr. 30).

In formulating Plaintiff's mental RFC, the ALJ found the opinions of the State agency psychologists to be generally consistent with the mental status examinations in the medical record as well as Plaintiff's testimony. (Tr. 30). The ALJ also considered the opinion of Dr. Rowland and found it to be "persuasive to the extent that it is consistent with the claimant's self-reports and testimony…". (Tr. 30). The ALJ further noted that the evidentiary record at the administrative hearing level supports further limitations with respect to the Plaintiff's ability to interact with others and adapt or manage. As such, the ALJ included greater restrictions in his mental RFC than those found by the state agency psychologists. (Tr. 30).

Plaintiff argues that the mental assessments and opinions support more restrictive limitations in the area of concentration, persistence of pace. Namely, he argues that the ALJ did not find any limitations regarding "the ability to understand, remember, and carry out instructions or work at a reasonable pace" as found by Dr. Rowland. However, as detailed above, the ALJ's mental RFC finding was in fact more restrictive than the prior administrative medical findings. (Tr. 24). Namely, the ALJ determined the record required additional limitations regarding social interaction and adaptation (Tr. 30). As noted by the Commissioner, the ALJ's mental RFC included limitations of "no tandem work" and "end

of day work goals versus strict hourly production" and "work should be of a variable rate." (Tr. 24).

Additionally, as noted above, the state agency assessments for understanding and memory, and concentration and persistence were functionally identical and therefore, contrary to Plaintiff's argument. By adopting the simple routine work limitation, the ALJ included appropriate limitations for understanding, remembering, and carrying out instructions. Moreover, the simple routine work limitation appropriately accommodated the state agency assessments of "simple repetitive tasks." (Tr. 83-84, 92-93, 101-02, 110-11).

Contrary to Plaintiff's contention, however, numerous cases from the Sixth Circuit, have held that limitations similar to those the ALJ included in Plaintiff's RFC adequately addressed the claimant's moderate limitations in concentration, persistence, or maintaining pace. *See Reinartz v. Comm'r of Soc. Sec.,* 795 F. App'x 448, 449 (6th Cir. 2020) (ALJ's hypothetical question that asked if someone could perform work who could "comprehend, retain, and execute simple, routine and repetitive tasks" properly accounted for the earlier finding that she had "moderate limitation in concentration, persistence, or maintaining pace[.]"). *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (concluding that a "limitation to simple, routine, and repetitive tasks" adequately accounted for the plaintiff's "moderately-limited ability 'to maintain attention and concentration for extended periods' "); *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, 2020 WL 618536, at *2–4 (6th Cir. Jan. 31, 2020) (RFC limitation to "performing simple and routine tasks" was not inconsistent with ALJ's step three finding that the plaintiff had moderate limitations in concentration, persistence, and pace because

the plaintiff failed to show that the evidence warranted additional limitations). Here, the ALJ's RFC properly accounts for Plaintiff's moderate mental limitations.

### III. Conclusion and Order

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED;** and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
